**ERIKSON LAW GROUP**
David Alden Erikson (SBN 189838)
Antoinette Waller (SBN 152895)
S. Ryan Patterson (SBN 279474)
200 North Larchmont Boulevard
Los Angeles, California 90004
Telephone: 323.465.3100
Facsimile: 323.465.3177

Attorneys for Plaintiff Rolan Feld

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Rolan Feld, an individual; | Case No. |
| Plaintiff, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| v. | **DEMAND FOR JURY TRIAL** |
| Sony Pictures Entertainment Inc., a Delaware corporation; MRC II Distribution Company, L.P., d/b/a Media Rights Capital, a Delaware limited partnership; TriStar Pictures, Inc., a Delaware corporation; Bambino Films, LLC, a California limited liability company; and Does 1-10, inclusive; | |
| Defendants. | |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                                                                COMPLAINT

1    Plaintiff Rolan Feld hereby complains against Defendants Sony Pictures

2  Entertainment, Inc. ("Sony"); MRC II Distribution Company, L.P. ("Media Rights

3  Capital" or "MRC"); TriStar Pictures, Inc.; Bambino Films, LLC; and Does 1-10

4  inclusive (collectively referred to as "Defendants") as follows.

**SUMMARY**

5

6    1.    Defendants' motion picture *Baby Driver* prominently features the T.Rex

7  song "Debora." Inexplicably, Defendants failed to obtain—or even seek—the

8  permission of the composition's U.S. copyright holder Rolan Feld, who is the son of

9  the band's iconic frontman Marc Bolan. In the six weeks since Feld brought this

10  infringement to Defendant Sony's attention, Defendants have done little more than

11  point fingers at one another—and they have neither apologized nor offered to pay Feld

12  a reasonable license fee.

**GENERAL ALLEGATIONS**

13

14    2.    Plaintiff Rolan Feld is the only child of rock legend Marc Bolan, singer

15  and songwriter of the glam rock band T. Rex. Mr. Bolan died in a tragic car crash on

16  September 16, 1977.

17    3.    Prior to his death, on or about October 28, 1968, Marc Bolan had entered

18  into a music publishing agreement with Westminster Music Limited (f/k/a Essex

19  Music International Limited). Pursuant to the publishing agreement, Bolan transferred

20  to Westminster the worldwide copyrights to his previously written musical

21  compositions, including the song "Debora" (the "Composition"), which had been

22  released earlier that year. Marc Bolan had originally registered the U.S. copyright for

23  the Composition on July 1, 1968, with Registration No. EU0000060952.

24    4.    Under United States copyright law, the term of copyright for works

25  created prior to 1978 is divided into two distinct periods: 1) an initial term of twenty-

26  eight years, and 2) an additional "renewed" and extended term of sixty-seven years.

27  During the initial term, the right to the later "renewed" term is only an expectancy

28

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

2                                                COMPLAINT

1  interest, because it does not vest until the expiration of the initial twenty-eight year

2  period. Thus, in cases where the author dies prior to the expiration of the initial term,

3  any assignment by the author of his or her rights in the later "renewed" term is void,

4  and such rights automatically vest in the author's statutory heirs.

5      5.     Because Marc Bolan died prior to the expiration of the initial term of the

6  U.S. copyright in the Composition, ownership of that copyright for the "renewed"

7  period automatically vested in Plaintiff upon the expiration of the initial term.

8      6.     It would have been easy for Defendants to determine that Feld owned the

9  composition and was its publisher. Indeed, ASCAP's repertory, available online as the

10  primary source for determining who owns a composition in the United States,

11  indicated that Feld was the owner. The records of the U.S. Copyright Office also

12  reflect that Feld is the owner of the subject copyright: In 2014, Westminster assigned

13  to Plaintiff all right and title in the U.S. Copyright, and such assignment was recorded

14  with the U.S. Copyright office on or about November 18, 2014, bearing the record

15  number V9917D894.

16     7.     Plaintiff alleges that despite knowing that he is the rightful owner of the

17  U. S. copyright in the Composition, or despite being on constructive notice,

18  Defendants used the Composition prominently in the motion picture "Baby Driver"

19  without obtaining a license from Plaintiff, or even informing Plaintiff.

20     8.     Indeed, Plaintiff only learned about the use of the Composition in the

21  Film when a representative of Sony Music contacted Plaintiff's counsel requesting a

22  license to include the Composition in the Film's soundtrack. In other words, at least

23  one division of Sony had no trouble determining Plaintiff was the rightful owner of

24  the U.S. copyright in the composition. Plaintiff promptly informed Defendants

25  (through communications with Sony) that the use of the Composition in the Film was

26  unauthorized.

27     9.     Sony responded with a series of conflicting explanations, claims that

28

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

3                                    COMPLAINT

1    other parties were liable for the infringement, and requests for more time to

2    investigate the matter. After several weeks, Sony unceremoniously ceased

3    communication with Plaintiff. As a result, Plaintiff is forced to file this lawsuit.

4         10.    Despite receiving notice from Plaintiff that their use of the Composition

5    was unauthorized, Defendants proceeded to distribute, perform, license and otherwise

6    exploit the Film, including those portions containing the Composition; and to collect

7    monies earned from the reproduction, distribution, performance, license and other

8    exploitation of the Film. Defendants are now planning further future exploitation of

9    the motion picture, including the composition, through additional streams of

10   distribution such as home video.

11                          **JURISDICTION AND VENUE**

12        11.    Plaintiff brings this action for copyright infringement (17 U.S.C. Section

13   101 et seq.). This Court has original subject matter jurisdiction over this action and the

14   claims asserted herein, pursuant to 28 U.S.C. Section 1331 ("federal question

15   jurisdiction") and 1338(a)-(b) ("patent, copyright, trademark and unfair competition

16   jurisdiction") in that this action arises under the laws of the United States and, more

17   specifically, Acts of Congress relating to patents, copyrights, trademarks, and unfair

18   competition. This Court has subject matter jurisdiction over any state law claims

19   pursuant to 28 U.S.C. Section 1367(a) ("supplemental jurisdiction") in that they are so

20   related to the federal law intellectual property claims herein that they form part of the

21   same case or controversy under Article III of the United States Constitution.

22        12.    Defendants are subject to the personal jurisdiction of the Court because

23   they do or transact business in, have agents in, or are otherwise found in and have

24   purposely availed themselves of the privilege of doing business in California and in

25   this District, and because the alleged misconduct was directed to California and this

26   district.

27

28

**ERIKSON**
LAW GROUP
ATTORNEYS
LOS ANGELES CA

4                                           COMPLAINT

13.     Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b)(1)-(3) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and because Plaintiffs' claims arose in this District.

## THE PARTIES

14.     Plaintiff Rolan Feld is, and at all times relevant herein has been, a resident of Los Angeles, California, and is the owner of the United States copyright in the song "Debora," written by his late father in 1968.

15.     Defendant Sony Pictures Entertainment, Inc. is a Delaware corporation, with its principal place of business in Culver City, California. On information and belief, Sony Pictures Entertainment, Inc. is a producer and distributor of the film Baby Driver in the United States.

16.     Defendant MRC II Distribution Company, L.P. is a Delaware limited partnership, with its principal place of business in Los Angeles, California. On information and belief, MRC II Distribution Company is doing business as "Media Rights Capital." MRC II Distribution Company is a producer and distributor of the motion picture Baby Driver in the United States. MRC II Distribution Company has registered the copyright for the motion picture Baby Driver in its name with the United States Copyright Office.

17.     Defendant TriStar Pictures, Inc. is a Delaware corporation, with its principal place of business in Culver City, California. On information and belief, TriStar Pictures is a wholly owned subsidiary of Sony Pictures Entertainment, Inc., and is a producer and distributor of the motion picture Baby Driver in the United States. TriStar Pictures has registered the copyright for the motion picture Baby Driver in its name with the United States Copyright Office.

18.     Defendant Bambino Films, LLC is a California limited liability company, with its principal place of business in Beverly Hills, California. On information and belief, Bambino Films produced the motion picture Baby Driver.

**ERIKSON**
LAW GROUP
ATTORNEYS
LOS ANGELES CA

5                                                    COMPLAINT

19.     Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as Does 1-10, inclusive, and therefore sue said Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege the true names and capacities when the same has been ascertained. Plaintiff is informed and believes, and thereon alleges, that each fictitiously-named Defendant is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by their conduct.

20.     Each of the Defendants acted as an agent for each of the other Defendants in doing the acts alleged and each Defendant ratified and otherwise adopted the acts and statements performed, made or carried out by the other Defendants so as to make them directly and vicariously liable to Plaintiff for the conduct complained of herein. Each Defendant is the alter ego of each of the others.

**First Claim For Relief For Copyright Infringement**

**(Against All Defendants)**

21.     Plaintiff incorporates herein by this reference paragraphs 1 through 20 as if set forth in full in this cause of action.

22.     As explained above, Plaintiff is the owner of the U.S. copyright in the Composition.

23.     Defendants have infringed Plaintiff's copyright by using the Composition in the Film, without Plaintiff's authorization.

24.     By reason of Defendants' infringement, Plaintiff has sustained and will continue to sustain substantial injury, loss, including damage to his ownership rights in the copyrighted Composition, and damage to Plaintiff's financial prospects, including, but not limited to, lost opportunities to issue synchronization licenses for the Composition in the future. Plaintiff is entitled to recover from Defendants the damages sustained as a result of Defendants' acts of copyright infringement. Plaintiff is at present unable to ascertain the full extent of his monetary damage but asserts that

**ERIKSON**
LAW GROUP
ATTORNEYS
LOS ANGELES CA

6

COMPLAINT

1  such damages exceed the jurisdictional minimum of this court.

2       25.    Plaintiff is further entitled to recover from Defendants the gains, profits

3  and advantages they have obtained as a result of their acts of copyright infringement.

4  As a result of their misconduct as alleged herein, Defendants have enjoyed substantial

5  revenue—particularly as the Composition is used as a "visual vocal" in the Film.

6  Plaintiff is at present unable to ascertain the full extent of the gains, profits and

7  advantages Defendants have obtained by reason of their acts of copyright

8  infringement, but Plaintiff is informed and believes, and on the basis of such

9  information and belief alleges, that the amount of Defendants' gains, profits and

10  advantages obtained as a direct result of their acts of copyright infringement exceeds

11  the jurisdictional minimum of this court.

12       26.    Defendants continue to infringe the copyright by continuing to exhibit the

13  Film, thus causing irreparable damage.

14       27.    Plaintiff is informed and believes, and thereon alleges, that Defendants'

15  alleged conduct was, and continues to be, intentional, deliberate, willful, wanton,

16  committed with the intention of injuring Plaintiff, and depriving Plaintiff of his legal

17  rights; was, and is, despicable conduct that subjects Plaintiff to a cruel and unjust

18  hardship; and was, and continues to be, undertaken with oppression, fraud and malice.

19  Accordingly, Plaintiff is entitled to an award of punitive or exemplary damages.

20                                    **PRAYER**

21       WHEREFORE, Plaintiff prays judgment against Defendants as follows:

22       1.    That Plaintiff is awarded all damages, including future damages, that

23  Plaintiff has sustained, or will sustain, as a result of the acts complained of herein,

24  subject to proof at trial;

25       2.    That Plaintiff is awarded his costs, attorneys' fees and expenses in this

26  action;

27       3.    That Plaintiff is awarded pre-judgment interest;

28

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

COMPLAINT

4.     For an order permanently enjoining Defendants and their employees, agents, servants, attorneys, representatives, successors, and assigns, and any and all persons in active concert or participation with any of them, from engaging in the misconduct referenced herein;

5.     For disgorgement of all proceeds, and restitution of the moneys wrongfully received by Defendants as the result of their wrongful conduct, including copyright infringement;

6.     For punitive damages in an amount sufficient to deter Defendants, and each of them, from their wrongful conduct; and

7.     For further relief, as the Court may deem appropriate.

DATED: August 3, 2017          ERIKSON LAW GROUP


                               By: _____
                                   David Erikson
                                   Attorney for Plaintiff Rolan Feld

COMPLAINT

ERIKSON
LAW GROUP
ATTORNEYS
LOS ANGELES CA

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on his claims on all issues triable by a jury.

DATED: August 3, 2017          ERIKSON LAW GROUP

By:  _____
        David Erikson
        Attorney for Plaintiff Rolan Feld

COMPLAINT

**ERIKSON**
LAW GROUP
ATTORNEYS
LOS ANGELES CA