KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
MICHAEL J. KUMP (SBN 100983)
  mkump@kwikalaw.com
GREGORY P. KORN (SBN 205306)
  gkorn@kwikalaw.com
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone: 310.566.9800
Facsimile: 310.566.9850

Attorneys for SONY PICTURES ENTERTAINMENT INC., MRC II DISTRIBUTION COMPANY, L.P., TRISTAR PICTURES, INC., and BAMBINO FILMS, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ROLAN FELD, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>SONY PICTURES ENTERTAINMENT INC., et al.,<br><br>    Defendants. | Case No. 2:17-cv-05747-CAS-JEM<br><br>**ANSWER**<br><br>**[DEMAND FOR JURY TRIAL]**<br><br>Trial Date:    None Set |

10021.00001/398599.1

ANSWER

Defendants Sony Pictures Entertainment Inc., MRC II Distribution Company, L.P., Tristar Pictures, Inc., and Bambino Films, LLC hereby answer the Complaint of Plaintiff Rolan Feld ("Plaintiff") as follows:

## SUMMARY

1. Answering Paragraph 1 of the Complaint, Defendants admit the feature film *Baby Driver* (the "Film") contains portions of the song "Debora" by T. Rex (hereinafter, the "Song"). Defendants admit that they did not obtain a license to use the Song from Plaintiff but deny that they were obligated to do so, deny that they infringed any rights of Plaintiff, and specifically aver that the Song was properly licensed from its publisher. Defendants deny each and every remaining allegation in Paragraph 1.

## GENERAL ALLEGATIONS

2. Answering Paragraph 2 of the Complaint, Defendants lack sufficient information and belief on which to admit or deny the allegations, and on that basis the allegations are denied.

3. Answering Paragraph 3 of the Complaint, Defendants lack sufficient information and belief on which to admit or deny the allegations, and on that basis the allegations are denied.

4. Answering Paragraph 4 of the Complaint, Defendants aver that Paragraph 4 contains no allegations of fact and only assertions of legal conclusions. To the extent Paragraph 4 can be construed to contain allegations of fact, Defendants deny each and every such allegation.

5. Answering Paragraph 5 of the Complaint, Defendants aver that Paragraph 5 contains no allegations of fact and only assertions of legal conclusions. To the extent Paragraph 5 can be construed to contain allegations of fact, Defendants deny each and every such allegation.

6. Answering Paragraph 6 of the Complaint, Defendants lack sufficient information and belief on which to admit or deny the allegations, and on that basis

the allegations are denied.

7. Answering Paragraph 7 of the Complaint, Defendants admit that the Song was used in the Film without obtaining a license from Plaintiff. Defendants deny each and every remaining allegation in Paragraph 7 and specifically deny that they were required to obtain a license from Plaintiff and/or infringed any rights of Plaintiff in the Song.

8. Answering Paragraph 8 of the Complaint, Defendants lack sufficient information and belief on which to admit or deny the allegations, and on that basis the allegations are denied.

9. Answering Paragraph 9 of the Complaint, Defendants deny the allegations.

10. Answering Paragraph 10 of the Complaint, Defendants admit that the Film contains portions of the Song (under a proper license), that it has been distributed and exploited, and that the Film will continue to be exploited. Defendants deny each and every remaining allegation in Paragraph 10.

## JURISDICTION AND VENUE

11. Answering Paragraph 11 of the Complaint, Defendants admit that Plaintiffs purport to assert a claim for copyright infringement. Defendants admit that Plaintiff alleges that the Court has subject matter jurisdiction. Defendants deny each and every remaining allegation in Paragraph 11.

12. Answering Paragraph 12 of the Complaint, Defendants do not contest personal jurisdiction but deny each and every allegation in Paragraph 12.

13. Answering Paragraph 13 of the Complaint, Defendants do not contest venue but deny each and every allegation in Paragraph 13.

14. Answering Paragraph 14 of the Complaint, Defendants lack sufficient information and belief on which to admit or deny the allegations, and on that basis the allegations are denied.

15. Answering Paragraph 15 of the Complaint, Defendants admit that Sony

Pictures Entertainment, Inc. ("SPE") is a Delaware corporation with its principal place of business in Culver City, California. Defendants admit that certain indirect subsidiaries of SPE acted as distributor of the Film. Defendants deny each and every remaining allegation in Paragraph 15.

16.   Answering Paragraph 16 of the Complaint, Defendants admit that MRC II Distribution Company, L.P. ("MRC") is a Delaware limited partnership with its principal place of business in Los Angeles County, California. Defendants admit that MRC at times conducts business under the name "Media Rights Capital." Defendants admit MRC is a producer of the Film. Defendants admit MRC has registered the copyright for the Film in its name. Defendants deny each and every remaining allegation in Paragraph 16.

17.   Answering Paragraph 17 of the Complaint, Defendants admit that TriStar Pictures, Inc. ("TriStar") is a Delaware corporation with its principal place of business in Culver City, California. Defendants admit that TriStar is a wholly-owned indirect subsidiary of SPE, and that it registered the copyright for the Film. Defendants deny each and every remaining allegation in Paragraph 17.

18.   Answering Paragraph 18 of the Complaint, Defendants admit that Bambino Films, LLC ("Bambino") is a California limited liability company with its principal place of business in Beverly Hills, California. Defendants admit that Bambino was involved in the production of the Film. Defendants deny each and every remaining allegation in Paragraph 18.

19.   Answering Paragraph 19 of the Complaint, Defendants deny the allegations.

20.   Answering Paragraph 20 of the Complaint, Defendants deny the allegations.

## FIRST CLAIM FOR RELIEF

21.   Answering Paragraph 21 of the Complaint, Defendants incorporate by reference the responses in Paragraphs 1 through 20 as though fully set forth herein.

22. Answering Paragraph 22 of the Complaint, Defendants lack sufficient information and belief on which to admit or deny the allegations, and on that basis the allegations are denied.

23. Answering Paragraph 23 of the Complaint, Defendants deny the allegations.

24. Answering Paragraph 24 of the Complaint, Defendants deny the allegations.

25. Answering Paragraph 25 of the Complaint, Defendants deny the allegations.

26. Answering Paragraph 26 of the Complaint, Defendants deny the allegations.

27. Answering Paragraph 27 of the Complaint, Defendants deny the allegations.

## FIRST AFFIRMATIVE DEFENSE

### (License)

Plaintiff's claims are barred in whole or part because the Song was validly licensed for use in the Film.

## SECOND AFFIRMATIVE DEFENSE

### (Standing)

Plaintiff lacks standing to assert a claim for copyright infringement.

## THIRD AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiff's claims are barred in whole or part because its claims of copyright ownership are barred by the statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff's claims are barred in whole or part under the doctrine of estoppel.

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

## FIFTH AFFIRMATIVE DEFENSE

### (Consent or Acquiescence)

Plaintiff's claims are barred because it consented or acquiesced, impliedly or expressly, to the allegedly infringing use of the Song.

## SIXTH AFFIRMATIVE DEFENSE

### (Invalidity or Unenforceability of Copyright)

Plaintiff's claims fail because its alleged copyrights are invalid and/or unenforceable.

## SEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff's claims are barred in whole or part by the doctrine of waiver.

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff shall take nothing by way of his Complaint;
2. For an award of attorneys' fees and costs; and
3. For such further relief as the Court may deem just and proper.

DATED: August 30, 2017  KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP

By: */s/ Michael J. Kump*
Michael J. Kump
Attorneys for SONY PICTURES ENTERTAINMENT INC., MRC II DISTRIBUTION COMPANY, L.P., TRISTAR PICTURES, INC., and BAMBINO FILMS, LLC

10021.00001/398599.1

6
ANSWER